UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARVA LAWSON,

Defendant.

Case No.: 1:03-cv-698

Chief District Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT:**
**(1) PLAINTIFF BE FOUND TO HAVE BREACHED THE CONSENT JUDGMENT AND THEREFORE BE REQUIRED TO STAY EXECUTION AND ENFORCEMENT OF JUDGMENT ; and**
**(2) DEFENDANT'S MOTION TO TRANSFER VENUE BE DENIED**

The case is before the Court upon the plaintiff's pleadings relating to its efforts to collect judgment, including application for writ of continuing garnishment. The case is also before the Court on Dr. Lawson's pleadings, which are construed liberally as a *pro se* litigant, and are therefore construed by the Court to include a claim that the plaintiff has breached the terms of the Consent Judgment by failing to facilitate the process of the placement of Dr. Lawson in an NHSC approved site, to wit: the Hawaii site, where she now works. (*See* Docs. 39 and 44). The case is also before the Court on defendant's motion to transfer this case to the United States District Court for the District of Hawaii.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The undersigned disposed of these motions by Order of July 7, 2009. Plaintiff moved for reconsideration of that Order, and the undersigned granted the motion on 3/31/10, vacating the Order of July 7, 2009, and replacing it with this Report and Recommendation.

The parties settled this civil case by consent judgment effected by District Judge Susan J. Dlott in 2004. The settlement provided that plaintiff take judgment against defendant for $346,177.56; but that collection of the judgment would be stayed, if, for two years, defendant practices as a psychiatrist at a health professional shortage area site to which she is assigned by the National Health Service Corps; or, alternatively, if defendant remains in compliance with a payment plan approved by the government. In the settlement, plaintiff agreed to facilitate placement of Dr. Lawson in an approved site. Pursuant to the settlement, upon two years of work by Dr. Lawson in an approved site, the judgment would be satisfied.

After a lot of back and forth and failed efforts, in 2008, Dr. Lawson undertook work as a psychiatrist at Waianae Coast Comprehensive Health Center in Hawaii. The plaintiff has refused to accept WCCHC as an approved site because it has a Health Profession Shortage Area score of 17, as the government currently requires a HPSA score of 19. However, Dr. Lawson alleges that the government's prior proposed approved sites offered to her had HPSA scores as low as 13. Dr. Lawson suggests that the requirement of a HPSA score of 19 is a new condition of the Consent Judgment, unilaterally imposed by the government, and in clear derogation of the terms, intent and spirit of the parties' settlement.

Dr. Lawson's pleadings include the claim that the plaintiff has breached the terms of the Consent Judgment by failing to facilitate the process of the placement of Dr.

Lawson in an NHSC approved site, to wit: the Hawaii site, where she now works. If the plaintiff has breached the Consent Judgment, plaintiff is not entitled to collect the judgment, having agreed to stay execution and enforcement.

After an evidentiary hearing held on April 10, 2009, and upon close review of the evidence and pleadings, the undersigned finds that plaintiff has breached the Consent Judgment at Section 8 as plaintiff has not "facilitate[d] the process of the placement of Dr. Lawson in an NHSC approved site." Under the terms of the settlement, and pursuant to the parties' intent, the undersigned finds that Dr. Lawson's placement at WCCHC in Hawaii is justifiably in satisfaction of Section 3(a) of the Consent Judgment and under the circumstances the plaintiff has not "facilitate[d] the process of the placement of Dr. Lawson in an NHSC approved site." The undersigned therefore **RECOMMENDS** that the plaintiff be required to stay execution and enforcement of this judgment, while Dr. Lawson continues her work as a psychiatrist at the Hawaii site, and, pursuant to Section 12 of the Consent Judgment, upon Dr. Lawson's completion of two years of service at the Hawaii site, plaintiff required to file with the Court a satisfaction of judgment.[3]

---

[3] The undersigned does not dispute the law and cases cited by Defendant in its motion to reconsider to the effect that the Government is not required to permit a scholarship recipient to serve at a site of her own choosing and not one assigned by the NHSC. That clear law is not on point here where this case settled under circumstances where the Government covenanted to "facilitate the process of the placement of Dr. Lawson in an NHSC approved site" – a new obligation not reflected in the applicable statutes and case law cited by Plaintiff. Here, instead, the finding is simply that the Government breached this new obligation when it failed to facilitate the placement of Dr. Lawson in WCCHC as an approved site because it has a Health Profession Shortage Area score of 17 (instead of 19) when the Government's prior proposed approved sites offered to Dr. Lawson had HPSA scores as low as 13. This requirement of a HPSA score of 19 is a new condition of the Consent Judgment, unilaterally imposed by the Government, and in clear derogation of the terms, intent and spirit of the parties' settlement.

It is further **RECOMMENDED** that Dr. Lawson's motion to transfer this case to the United States District Court for the District of Hawaii (Doc. 40) be **DENIED**, as the undersigned finds that the nexus of this case is manifestly set in this Court.

**IT IS SO RECOMMENDED.**

Date: 4/15/10

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:03-cv-698 |
| Plaintiff, | Chief District Judge Susan J. Dlott<br>Magistrate Judge Timothy S. Black |
| v. | |
| MARVA LAWSON, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).